**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GMAC MORTGAGE CORP.,** | ) | **CASE NO.1:06CV470** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **DAVID OLIVER, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff GMAC Mortgage Corp.'s ("GMAC") unopposed Motion for Summary Judgment against Defendant David Oliver and Vantage Federal Credit Union, and Default Judgment against Unknown Spouse, if any, of David Oliver; Irwin Union Bank and Trust Co.; Sherman Originator LLC; Beneficial Ohio Inc.; and Wells Fargo Bank (ECF Dkt# 23). For the following reasons, the Court grants Plaintiff's Motion.

On September 28, 1998, Defendant David Oliver executed a Promissory Note. He also executed and delivered a mortgage to secure amounts due on the Note. GMAC Mortgage Corp. is the holder and owner of the Promissory Note and Mortgage. The Mortgage conveys to GMAC property commonly known as 883 Yellowstone Road, Cleveland Heights, OH 44121, parcel no. 682-11-071. GMAC brought this Complaint, alleging Defendant David Oliver is in default under the terms and conditions of the Note and Mortgage. Service was completed upon

all Defendants.  Defendant David Oliver answered; but Defendants Unknown Spouse, Irwin Union Bank and Trust Co.; Sherman Originator LLC; Beneficial Ohio Inc.; and Wells Fargo Bank did not answer, move, or otherwise plead.  On April 18, 2006 Vantage Federal Credit Union answered claiming a lien on the property in question.  A clerk's entry of default was filed as to the non-responding Defendants on May 22, 2006.  On July 21, 2006, Plaintiff filed its Amended Motion for Summary Judgment and Default Judgment.  No opposition brief has been filed.

## **LAW AND ANALYSIS**

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See, Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to come forward with evidence showing there is a genuine issue for trial. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview*

*Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F. 3d 483, 492 (6th Cir. 2000)). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.*  GMAC submits the affidavit of its records custodian, which establishes that GMAC is the owner and holder of the Promissory Note and Mortgage and is entitled to enforce its rights under them; that David Oliver signed the Promissory Note, promising to make monthly payments on or before the date such payments were due; that the Mortgage conveyed to GMAC the property commonly known as; 883 Yellowstone Road, Cleveland Heights, OH 44121, parcel no. 682-11-071; that monthly payments were not made; that written notice of default was given; that the sums due under the Note were accelerated; and that there is due and owing on the Note, principal in the amount of Seventy-Six Thousand Four Hundred Nineteen Dollars and Ninety-Two Cents ($76,419.92), plus interest on the unpaid principal at the rate of seven percent per annum from December 1, 2003.

The Court finds that defendant Vantage Federal Credit Union claims some right, title, interest, or lien upon the premises described herein, and has set forth its claims in its pleadings filed herein, but that any right, title, interest, or lien that it may have is inferior and subsequent to the lien of the Plaintiff.

The Court makes no finding as to the right, title, interest, or lien of said defendant as set forth in its pleadings filed herein, except to note that, by agreement of the parties, such right, title, interest or lien of the above named defendant is ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount herein above found due to the Plaintiff, and the same are ordered to continued until further order from the court.

3

The Court finds Defendants, Unknown Spouse, if any, of David Oliver, Irwin Union Bank and Trust Co., Sherman OriginatorLLC, Beneficial Ohio Inc., and Wells Fargo Bank have failed to file an answer to the Complaint, although duly served. Thus, the Motion of Plaintiff GMAC for Default Judgment is granted. Because Defendant Oliver has failed to file any response to GMAC's Motion for Summary Judgment, the facts in GMAC's supporting affidavit are unrefuted. GMAC is, therefore, entitled to summary judgment in its favor as a matter of law. Fed. R. Civ. P. 56(c); Local Rule 7.1(g).

## CONCLUSION

For the foregoing reasons, judgment is granted in favor of Plaintiff GMAC and against Defendant, David Oliver for the principal amount due on the Note in the amount of Seventy-Six Thousand Four Hundred Nineteen Dollars and Ninety-Two Cents ($76,419.92) plus interest on the unpaid principal at the rate of seven percent per annum from December 1, 2003. Default Judgment is granted in favor of Plaintiff and against Unknown spouse, if any, of David Oliver, Irwin Union Bank and Trust Co., Sherman Originator LLC, Beneficial Ohio Inc., and Wells Fargo Bank. The defaulted defendants are foreclosed from asserting an equal or superior priority to Plaintiff the primary lienholder in this action. If this judgment is not satisfied within ten (10) days, Plaintiff GMAC may file its Proposed Decree in Foreclosure and Motion for Order of Sale and Appointment of Master Commissioner in accordance with the terms of General Order No. 2006-16.

    IT IS SO ORDERED.

| December 15, 2006 | s/Christopher A. Boyko |
|---|---|
| Date | CHRISTOPHER A. BOYKO |

United States District Judge